UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David Anderson,

Plaintiff,

v.

Mayo Clinic,

Defendant.

Civ. File No. 00-2236 (PAM/SRN)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendant Mayo Clinic's Motion for Summary Judgment and for Sanctions. For the reasons that follow, the Motion for Summary Judgment is granted and the Motion for Sanctions is denied.

## BACKGROUND

Plaintiff David Anderson ("Anderson") is a former patient of Dr. Deborah Lightner, who is a urologist at Defendant Mayo Clinic ("Mayo"), and Dr. Heidi Nelson, a colo-rectal specialist at Mayo.[1] Mayo contends that, after Anderson was repeatedly abusive to Mayo staff, cancelled numerous appointments, and insisted that Dr. Lightner perform medically unnecessary surgery on him, Mayo informed Anderson that Mayo and its physicians would no longer treat him. Anderson then brought this lawsuit, alleging that Mayo's refusal to treat him constitutes discrimination on the basis of disability, in violation of the Minnesota Human

---

[1] Anderson sued an entity called "Mayo Clinic," but in fact there is no such entity. The correct name of the entity is Mayo Clinic Rochester.

AUG 10 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD AUG 10 2001
DEPUTY CLERK

Rights Act ("MHRA"), Minn. Stat. § 363.01 et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and sections 501 and 504 of the Rehabilitation Act, 29 U.S.C. §§ 791 and 794; discrimination on the basis of sex in violation of the MHRA; and intentional infliction of emotional distress. Mayo asserts that discovery has clearly revealed that Anderson's claims have no merit, and seeks Rule 11 sanctions for Anderson's failure to voluntarily dismiss his claims.

Mayo raises several grounds for granting summary judgment. First, Mayo claims that Anderson has utterly failed to prove a prima facie case of discrimination under either the ADA or the MHRA. Second, Mayo contends that Anderson's claims under the MHRA are time-barred. Finally, Mayo asserts that Anderson's emotional distress claim fails as a matter of law.

## DISCUSSION

### A. Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, as the United States Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure

the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Enter. Bank, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**B. Merits**

Anderson has failed to demonstrate that genuine issues of fact exist on any of his claims.[2] It is clear that his claims under the MHRA are time-barred. Under the MHRA, a person must file a claim of discrimination within one year from the allegedly discriminatory action. Minn. Stat. § 363.06, subd. 3. Anderson knew in July 1999, at the latest, that Mayo physicians would no longer treat him. He did not file this lawsuit until October 2000, well beyond the one-year statute of limitations. His MHRA claims fail.

Moreover, even if his claims were timely, Anderson has not alleged even the bare

---

[2] In his response to Mayo's Motion, Anderson for the first time raises a claim for abandonment. At the hearing on the Motion, Anderson contended that his Complaint put Mayo on notice of this claim. The Court disagrees. Anderson may not allege a new cause of action in memoranda to this Court, but should have requested permission to amend his Complaint to assert the abandonment claim. Because he did not do so, the Court will not consider that claim. See Coffey v. County of Hennepin, 23 F. Supp.2d 1081, 1088-89 (D. Minn. 1998).

minimum necessary for a claim of disability or sex discrimination under the MHRA. His allegations of sex discrimination are completely baseless. According to Anderson, sometime in 1996, he overheard two nurses talking in the hallway at Mayo. The nurses' comments included statements to the effect of "they say he only comes here for sex" and that "he likes to look at pornography."[3] (Anderson Dep. at 95-99.) During his deposition, Anderson admitted that he did not know whether the nurses were talking about him, but only assumed that they were. (Id. at 97.) These statements are not evidence of sex discrimination as a matter of law, and even if they could be construed as evidence of such discrimination, the complete absence of any indication that the statements were directed at Anderson renders his sex discrimination claims meritless.

Anderson has also failed to show a prima facie case of disability discrimination under the ADA, MHRA, or the Rehabilitation Act. Claims of disability discrimination under the ADA, the Rehabilitation Act, and the MHRA are evaluated in the same manner. Allison v. Department of Corrections, 94 F.3d 494, 497 (8th Cir. 1996). In order to prove disability

---

[3] Anderson submitted an affidavit with his response to Mayo's Motion contending that someone told him in 1997 that Dr. Lightner would only see female patients. Even if this comment were within the one-year MHRA limitations period, it does not establish sex discrimination as a matter of law. Further, the Court must not countenance Anderson's submission of a self-serving affidavit that contradicts key portions of his deposition testimony. Mayo's counsel tried repeatedly during Anderson's deposition to ascertain the basis for his sex discrimination claims, and the only discriminatory conduct Anderson mentioned was the conversation between the nurses. He cannot now claim that summary judgment is inappropriate based on alleged statements he did not disclose when required to do so.

discrimination, Anderson must establish first that he is a disabled person within the meaning of the ADA.

A person is disabled if he has a physical or mental impairment that substantially limits one or more major life activities, or if he is regarded as having such impairment. See 42 U.S.C. § 12102(2)(A)-(C). Anderson claims that he is disabled because he suffers from low vision and that he has difficulty walking. He also claims that he is disabled because he has been receiving Social Security payments and has never worked.

Anderson has failed to show that he is disabled within the meaning of the ADA. The impairments he alleges, for which there is scant evidence in the record, do not rise to the level of a disability for which the ADA offers protection. Moreover, it is clear that Anderson himself does not believe that he was discriminated against on the basis of any alleged disability. When asked during his deposition whether he believed anyone at Mayo discriminated against him on the basis of disability, Anderson responded that he thought the discrimination related to his financial condition. (Anderson Dep. at 158-59.) He then admitted that no doctor at Mayo had ever questioned him on or commented to him about his financial situation. (Id. at 160.) It is not clear how discrimination related to financial condition could be construed as disability discrimination, but in any event, Anderson has failed to establish his prima facie case, and his disability discrimination claims must be dismissed.

Finally, Anderson's intentional infliction of emotional distress claim also fails. In order to prevail on such a claim, the plaintiff must establish that: 1) the defendant's conduct was extreme and outrageous; 2) the conduct was intentional or reckless; and 3) it caused severe emotional distress. See Hubbard v. United Press Int'l, Inc., 330 N.W.2d 428, 438-39 (Minn. 1983). "The operation of this tort is sharply limited to cases involving particularly egregious facts." Id. at 439. Anderson has not presented such facts here.

In order to be deemed "extreme and outrageous," conduct "must be 'so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community.'" Id. (quoting Haagenson v. Nat'l Farmers Union Property & Cas. Co., 277 N.W.2d 648, 652 n.3 (Minn. 1979)). Even assuming that all Anderson alleges is true, Mayo's actions fall far below this deliberately high standard.

Anderson does not explain how Mayo's conduct in this case was in any way extreme and outrageous. That failure in itself justifies granting summary judgment to Mayo on this count. However, even assuming that Mayo's conduct was somehow extreme or outrageous, Anderson has not established that the distress he suffered was severe. The only distress he alleges is "feelings of shame, humiliation, unworthiness, loss of self esteem, apprehension regarding obtaining medical care, and sadness." (Anderson Aff. ¶ 8.) As a matter of law, Anderson's allegations do not rise to the level of severe emotional distress necessary to sustain a claim for intentional infliction of emotional distress. It can hardly be said that he suffers from distress "so severe that [he cannot] be expected to endure it." Hubbard, 330

N.W.2d at 439. Anderson has not established the elements necessary to maintain a claim of intentional infliction of emotional distress.

### C. Sanctions

Mayo seeks sanctions for Anderson's failure to dismiss any of his claims in light of nearly overwhelming evidence that the claims were without merit or were untimely. The Court is sympathetic to Mayo's contentions. This case is one of the most frivolous lawsuits the Court has come across in its nearly 20-year tenure on the federal bench. However, the Court declines to impose sanctions at this time. Anderson and his counsel should take heed, however, that the Court will not countenance the institution of claims of such a frivolous nature in the future. Should Anderson or his counsel see fit to file further baseless claims, the Court will not hesitate to impose sanctions.

## CONCLUSION

Accordingly, for the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment (Clerk Doc. No. 14) is **GRANTED**;

2. Defendant's Motion for Sanctions (Clerk Doc. No. 14) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 10, 2001

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

AUG 10 2001

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500